**In re NEERING.**
No. 61-739-L.

Circuit Court, Duval County.
May 15, 1961.

Alan C. Winter, Jr. and Gregory J. Darby, both of Jacksonville, for respondent.

Nathan Schevitz, Ass't. State Attorney, for the state.

ROGER J. WAYBRIGHT, Circuit Judge.

At the trial held in this matter this date, the motion of the respondent Roy J. Neering to quash the information for contempt citation filed herein was denied.

The respondent Roy J. Neering was present in court with his attorneys, Alan C. Winter, Jr. and Gregory J. Darby. The Assistant State Attorney, Nathan Schevitz, was also present and, on behalf of the court, examined Mrs. Lorene McDonough, Nor-

man J. Benoit and W. D. Jones, witnesses in support of the information for contempt citation. The attorneys for the respondent cross-examined these witnesses, and the respondent produced and examined witnesses in his own behalf.

From the testimony and other evidence adduced at that trial, the court finds that on May 3, 1961, the respondent Roy J. Neering, knowing that one Norman J. Benoit had been drawn to serve on the jury in the above entitled court during the week commencing May 8, 1961, did, prior to the appearance of Norman J. Benoit in that court, attempt to influence the decision of Norman J. Benoit as a juror in that court in the manner set forth in paragraphs 1-3 of the information for contempt citation filed herein —

(1)   On May 3, 1961, the case of Nettie M. Brendel and Fred J. Brendel, her husband, v. Winn-Dixie Stores, Inc., a corporation, no. 60-1740-L, was pending in this court, and had been set for trial during the week beginning Monday, May 8, 1961, and tentatively assigned to be tried on Tuesday, May 9, 1961.

(2)   Norman J. Benoit had been duly served on April 29, 1961, with a summons to appear at 9 A. M. on May 8, 1961, to serve as a juror in this court for the trial of cases to be tried during that week beginning May 8, 1961.

(3)   On May 3, 1961, the respondent Roy J. Neering, an acquaintance of the venireman Norman J. Benoit and a client of the law firm representing the plaintiffs Brendel in that case, who had discussed that case and that venireman with one of the attorneys representing those plaintiffs, said to the venireman Norman J. Benoit on the telephone, in substance and effect — "The reason I called you, Norman, I want you to do me a special favor. I have an attorney friend by the name of Hank who has a case coming up Tuesday. It's Brendel v. Winn-Dixie. I can't tell you anything about the case — in the meantime I see you are on the jury list, you are one of the jurors, and there are a lot of insurance people and other undesirables we don't like. Would you be averse to giving the old gal a little something for her pain and suffering and her broken hip and leg?"

The respondent Roy J. Neering in effect admits the foregoing, contending that he added words like "if the facts warrant" and that his intent was not criminal. The court rejects that contention.

The court further finds that the conduct of the respondent Roy J. Neering in that regard was wilful and contemptuous, and tended to embarrass this court in its legal and lawful operation, and to obstruct the administration of justice.

It is, therefore, adjudged that — 1. The respondent Roy J. Neering is guilty of contempt of this court. 2. As punishment for that contempt, the respondent Roy J. Neering is committed to the custody of the sheriff of Duval County, Florida, to be by said sheriff confined in the Duval County jail for the period of one year from the date of this order. The clerk of this court shall issue to that sheriff a writ of commitment so stating.